UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON M. KERNS,

    Petitioner,

vs.    Case No. 2:05-cv-206-FtM-29DNF

LEE COUNTY SHERIFF'S OFFICE,

    Respondent.
_____

**ORDER**

    This cause comes before the Court on Petitioner's Petition for Writ of Mandamus (Doc. # 1) filed May 9, 2005. Petitioner seeks an order of this Court issuing a writ of mandamus with regard to deductions from Petitioner's commissary account. Such is not the role of the United States District Court.

    Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure, although United States District Courts have jurisdiction in actions in the nature of mandamus, pursuant to 28 U.S.C. § 1361. While federal courts have jurisdiction over mandamus actions that seek to compel a federal official to perform a specific duty, 28 U.S.C. § 1361, federal courts have no general power to compel performance by a **state** official where mandamus is the only relief sought. Russell v. Knight, 488 F.2d 96, 97 (5th Cir.1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir.1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971).

Furthermore, even if the Court had mandamus jurisdiction, Petitioner has failed to show entitlement to a writ of mandamus. A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. <u>Jackson v. Motel 6 Multipurpose, Inc.</u>, 130 F.3d 999, 1004 (11th Cir.1997). A petitioner must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. <u>In re Am. Airlines, Inc.</u>, 972 F.2d 605, 608 (11th Cir.1992). In this case Petitioner has not satisfied either requirement. Therefore, the petition will be denied.

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED**:

1. Petitioner's Petition for Writ of Mandamus (Doc.#1) is **DENIED**.

2. The Clerk of Court shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __23rd__ day of May, 2005.

SA: hmk
Copies: All Parties of Record

JOHN E. STEELE
United States District Judge

-2-